OPINION
Defendant-appellant Kenny L. Wheeler appeals from an order of the common pleas court denying his Crim.R. 32.1 motion to vacate his guilty pleas. He contends that he was entitled to withdraw his pleas because the trial court failed to comply with Crim.R. 11 when taking the pleas and because the pleas were not made knowingly, voluntarily or intelligently, in view of his incompetency.
We conclude that the trial court did not abuse its discretion. First, the issues raised by Wheeler are not properly raised in this appeal. Second, the record shows that the trial court did comply with Crim.R. 11. Finally, the record does not support the claim that Wheeler was incompetent at the time he entered the pleas. Accordingly, the judgment of the trial court is Affirmed.
 I
Wheeler was indicted in 1993 on one count of Aggravated Murder and twelve counts of Felonious Assault, all with gun specifications. He entered a plea of not guilty by reason of insanity. However, two separate mental health professionals submitted reports indicating that Wheeler was sane, competent to stand trial, and competent to waive his rights. Pursuant to plea negotiations, Wheeler subsequently pled guilty to Aggravated Murder and one count of Felonious Assault, without any gun specifications. He was sentenced accordingly.
In January, 2001, Wheeler filed a motion, pro se, to withdraw his guilty pleas. The court denied the motion. Wheeler filed a pro se notice of appeal. Appellate counsel was appointed to pursue the appeal.
 II
We begin by noting that Wheeler's arguments are based upon the claim that the trial court should have granted his motion to withdraw his pleas because it failed to comply with the sentencing procedures of Crim.R. 11(C), and because of matters that are outside of the record before us.
A motion to withdraw a guilty plea should be granted only to correct a manifest injustice if made after sentencing. Crim.R. 32.1; State v. Xie (1992), 62 Ohio St.3d 521, 526. This court has previously discussed the "manifest injustice" standard and its relation to Crim.R. 11 and to matters outside of the record in State v. Hartzell (Aug. 20, 1999), Montgomery App. No. 17499, unreported, wherein we stated:
 The manifest injustice standard demands a showing of extraordinary circumstances. Further, the defendant has the burden to prove the existence of manifest injustice.
 The term injustice is defined as "the withholding or denial of justice. In law, the term is almost invariably applied to the act, fault, or omission of a court, as distinguished from that of an individual." A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.
 Crim.R. 32.1 derives from the court's inherent power to vacate its own prior orders when justice so requires. In that regard, it is comparable to Civ.R. 60(B), which contemplates equitable relief from a final order subject to certain defects. In this context, it is noteworthy that Civ.R. 60(B) relief is not a substitute for appellate review of prejudicial error. We believe that the same bar reasonably applies to Crim.R. 32.1.
 Failure to comply with the requirements of Crim.R. 11(C) when taking a plea is a defect that may be the subject of a merit appeal which supports reversal of a defendant's conviction when prejudice results. Even when a timely appeal is not taken, a delayed appeal is available pursuant to App.R. 5(A), upon a proper showing. Therefore, a court's failure to comply with the requirements of Crim.R 11(C) is not an extraordinary circumstance demonstrating a form of manifest injustice required for Crim.R. 32.1 relief.
 Matters outside the record that allegedly corrupted the defendant's choice to enter a plea of guilty or no contest so as to render the plea less than knowing and voluntary are proper grounds for an R.C. 2953.21
petition for post-conviction relief. In 1996 the General Assembly limited the number of such petitions to but one, which must be filed within 180 days after the time for appeal has expired, absent certain narrow showings that R.C. 2953.23(A) requires. Since then, grounds formerly presented in support of petitions for post-conviction relief are now more frequently employed to support Crim.R. 32.1 motions, which are not subject to similar limitations. Nevertheless, the availability of R.C. 2953.21 relief on those same grounds removes them from the form of extraordinary circumstance demonstrating a manifest injustice which is required for Crim.R. 32.1 relief.
Id., citations omitted.
In this case, Wheeler's first argument focuses on the trial court's failure to have complied with Crim.R. 11(C), which can be determined from the record, and was therefore properly the subject of a direct appeal from the sentencing. Because this issue either was raised and was resolved adversely to Wheeler in a direct appeal, or could have been, he is barred by res judicata from raising it now.
 III
Wheeler's First and Second Assignments of Error state as follows:
 THE TRIAL COURT ERRED BY ABUSING ITS DISCRETION IN DENYING APPELLANT, KENNY L. WHEELER'S MOTION TO WITHDRAW HIS GUILTY PLEAS BECAUSE THE COURT DID NOT COMPLY WITH THE REQUIREMENTS OF CRIM.R. 11(C)(2) PRIOR TO ACCEPTING THE APPELLANT'S PLEAS OF GUILTY.
 THE TRIAL COURT ERRED BY ABUSING ITS DISCRETION IN DENYING APPELLANT, KENNY L. WHEELER'S MOTION TO WITHDRAW HIS GUILTY PLEAS BECAUSE THE COURT DID NOT COMPLY WITH THE REQUIREMENTS OF CRIM.R. 11(C)(2)(a) PRIOR TO ACCEPTING THE APPELLANT'S PLEA OF GUILTY.
In these Assignments of Error, Wheeler argues that the trial court failed to follow the requirements of Crim.R. 11(C)(2) during the plea colloquy, and that it therefore abused its discretion by denying his motion to withdraw the pleas.
As stated above, our holding in Hartzell negates these claimed errors. However, even absent Hartzell, we would find these Assignments of Error lacking in merit.
"Ohio Crim.R. 11(C) was adopted to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review." State v. Nero (1990), 56 Ohio St.3d 106. Crim.R. 11(C) reads in pertinent part:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
Strict compliance with the provisions of Crim.R. 11(C) is not required; "substantial compliance" with the rule is sufficient. State v. Stewart (1977), 51 Ohio St.2d 86.
Wheeler's argument is based upon the fact that the trial court permitted him to enter his guilty plea prior to addressing all of the matters set forth in Crim.R. 11(C). Wheeler claims that his pleas and waiver of rights were not made knowingly or intelligently because of the trial court's actions.
We note that the trial court personally addressed Wheeler at length. The court ascertained that Wheeler was eighteen years old at the time of his plea, that he had difficulty reading, and that he was attempting to obtain his GED. The court informed Wheeler of all of his rights and of the effects of pleading guilty. The court also affirmed that Wheeler knew the penalties for the crimes and that he was not eligible for probation. The court confirmed that Wheeler agreed with the State's recitation of the facts, and that he understood the nature of the offenses. The trial court also determined that Wheeler was entering the plea voluntarily. The trial court did ask Wheeler whether he intended to plead guilty prior to discussing the elements of Crim.R. 11(C). However, after complying with the rule, the court then again asked Wheeler whether he intended to proceed with the guilty pleas. Wheeler indicated that he did.
From our review of the transcript of the plea hearing we conclude that the trial court complied with the requirements of Crim.R. 11(C). Accordingly, the First and Second Assignments of Error are overruled.
 IV
Wheeler's Third and Fourth Assignments of Error are as follows:
 THE TRIAL COURT ERRED BY ABUSING ITS DISCRETION IN DENYING APPELLANT, KENNY L. WHEELER'S MOTION TO WITHDRAW HIS GUILTY PLEAS BECAUSE THE APPELLANT WAS NOT COMPETENT TO KNOWINGLY AND INTELLIGENTLY ENTER A GUILTY PLEA. THE TRIAL COURT ERRED BY ABUSING ITS DISCRETION IN DENYING APPELLANT, KENNY L.
 WHEELER'S MOTION TO WITHDRAW HIS GUILTY PLEAS BECAUSE THE APPELLANT WAS UNABLE TO KNOWINGLY AND INTELLIGENTLY ENTER A GUILTY PLEA DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL.
Wheeler contends that he was not competent to enter a guilty plea. In support, he argues that he was under the influence of drugs at the time, and had a history of mental illness. He also claims that his trial counsel was ineffective for permitting him to plead under those circumstances.
As previously indicated, prior to the entry of his guilty pleas, two mental health providers certified that Wheeler was competent, and that he was not mentally ill. Therefore, the claim that he was not competent due to mental illness is without merit.
Furthermore, there is no evidence in the record to support a claim that Wheeler was under the influence of drugs at the time of the pleas or to indicate that his trial counsel was aware that he was under the influence of drugs. Therefore, any support for this argument must necessarily depend on evidence outside the record. However, Wheeler failed to provide any evidence, even his own affidavit, to support his claim that he was under the influence of drugs at the time of the pleas.
Wheeler's Third and Fourth Assignments of Error are overruled.
 V
All of Wheeler's assignments of error having been overruled, the judgment of the trial court is Affirmed.
GRADY and YOUNG, J. J., concur.